**Robert BLAIR, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 7059.**

Court of Civil Appeals of Texas.

Amarillo.

May 8, 1961.

Rehearing Denied June 12, 1961.

---

Ochsner & Robinson, Amarillo, for appellant.

Lon Moser, Amarillo, for appellee.

CHAPMAN, Justice.

This is an appeal by Robert Blair from a judgment of the court below growing out of a proceeding brought by the County Attorney of Potter County on behalf of the State of Texas against appellant under Art. 1690b(b) of the Vernon's Ann.Penal Code of the State of Texas. The article just named provides in part as follows:

"(b) Every officer, agent, servant or employee of any corporation and every other person who violates or fails to comply with or procures, aids or abets in the violation of any provision of this Act or who violates or fails to obey, observe or comply with any lawful order, decision, rule or regulation, direction, demand or requirement of the Commission shall in addition be subject to and shall pay a penalty not exceeding One Hundred Dollars ($100.00), for each and every day of such violation."

Appellant was operating his trucking company under a Railroad Commission Certificate of Convenience and Necessity issued in 1959 defining his rights to transport certain commodities over public roads and highways in Texas. This Certificate was a Texas Railroad Commission "decision and order". Included in the Certificate was the authority to transport "water pipes from farms and ranches within a radius of One Hundred (100) miles of Amarillo to points within a Four Hundred Fifty (450) mile radius thereof, and vice versa; * * *."

The petition of the State of Texas sought penalties under the above numbered article of the Penal Code against appellant for a violation of the clause of the permit just quoted. Six instances of violations were alleged. The court found the evidence insufficient to show a violation in the first haul pleaded but found him subject to a penalty for transporting "12 loose 3″ steel pipes weighing approximately 3,900 pounds, from Vinson Supply Company of Amarillo, Texas, to Pan American Petroleum Corporation of Levelland, Texas; one bundle of pipe consisting of 35 pieces and weighing approximately 4,080 pounds, from Vinson Supply Company of Amarillo, Texas, to Phillips Petroleum Company of Borger, Texas; 95 loose 2″ steel pipes weighing approximately 7,079 pounds, from Vinson Supply Company of Amarillo, Texas, to Coltex Refining Company of Colorado City, Texas; 18 loose pipes and 3 bundles of pipe weighing approximately 26,300 pounds, from Vinson Supply Company of Amarillo, Texas, to Gulf Interstate Company of Etter, Texas; 35 loose pipes and 2 bundles of pipe weighing approximately 23,000 pounds, from Vinson Supply Company of Amarillo, Texas, to Gulf Interstate Company of Etter Texas, * * *."

Even though the consignees of the six instances of alleged violations of appellant's Certificate were corporations engaged in the oil and gas and related businesses appellant takes the position that the evidence was insufficient to sustain the judgment of the court in the five instances of violations, apparently because the hauls "terminated outside of the limits of any incorporated city or town or any industrial cite." All the hauls originated at Vinson Supply Company in Amarillo, Texas, and all were consigned to corporations engaged in the oil and gas and related businesses. Neither

**56**

Vinson Supply Company in the city of Amarillo nor any of the consignees were engaged in any activity related to farming or ranching. A study of the Certificate as a whole convinces us that the terms "farms and ranches" as used in the violation clause alleged were intended to be considered in their ordinary sense. We believe the evidence without question here shows the transportations were industrial, from a pipe supply house to industry in each instance, and did not come within the authority granted by the Certificate. Appellant admits he has not found any legal authority to justify his position. Neither have we found any such authority. We believe common reason dictates the disposition made by the trial court was correct. The judgment of the trial court is affirmed.